UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| ANTON PSHENICHNYKH, an infant under the age of 14 by and through his general guardian, DMITRY PSHENICHNYKH, and DMITRY PSHENICHNYKH, individually | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. |
| EAST MEADOW UNION FREE SCHOOL DISTRICT, | ) ) ) | |
| Defendants | | |

## FIRST AMENDED COMPLAINT

## PARTIES

1. Anton Pshenichnykh, the first of the two plaintiffs, is a 12-year-old 7th grade student. Anton Pshenichnykh speaks three languages and likes art. Anton Pshenichnykh has a close relationship with his father.

2. Anton Pshenichnykh's father is Dmitry Pshenichnykh, the second of the plaintiffs in this case. Dmitry Pshenichnykh is a single father with primary custody of Anton Pshenichnykh.

3. The family lives at 192 Cornell Street, Hempstead, County of Nassau, New York.

4. Defendant East Meadow Union Free School District is a public school district and municipal corporation formed under Article 31 of the Education Law of the State of New York. Defendant's principal offices are located at 718 The Plain Road, Westbury, County of Nassau, New York.

## JURISDICTIONAL BASIS

5. This case arises under 28 USC §1331 as it involves federal questions. The provisions of the US Constitution at issue are: the First Amendment, the Fourth Amendment and the 14th Amendment procedural due process clause. The issues invoke 42 U.S.C. §1983 as the plaintiffs suffered the deprivations of rights and privileges under the U.S. Constitution. As per 28 USC §1343, the district courts have original jurisdiction over civil matters involving constitutional issues.

## ADMINISTRATIVE PROCEDURAL BACKGROUND

6. Defendant imposed a short-term suspension on Anton Pshenichnykh sans hearing on April 19, 2023. Defendant imposed a long-term suspension on Anton Pshenichnykh after a superintendent's hearing, which they held in two parts: Part 1 was held on May 9, 2023, and Part 2 on May 15, 2023. The family filed an appeal to the board, who is the final policymaker at the district level. The board upheld the suspension on August 4, 2023. The family filed an appeal requesting a stay with the New York State Commissioner of Education. The stay was denied on August 29, 2023. Plaintiffs seek equitable and legal relief, with an Order to Show Cause for a TRO and Permanent Injunction, Memorandum of Law, Attorney Affirmation and Financial Affidavit attached due to the fact there are pressing concerns regarding Anton Pshenichnykh's disciplinary and anecdotal record, as well as Anton Pshenichnykh's continued attendance at W.T. Clarke Middle School, the site of the issues that occurred herein.

## FACTUAL BACKGROUND

7. Dmitry and Anton Pshenichnykh suffered hardship due to the fact Dmitry Pshenichnykh was unable to find enough work as a driver for Uber, Lyft or Doordash in the years 2020 through 2022. Prior to the COVID-19 pandemic, this work provided a consistent paycheck. During such time, the family lost their in-district apartment.

8. Anton Pshenichnykh continues to attend the district's W.T. Clarke Middle School under the McKinney-Vento Act while he and Dmitry Pshenichnykh live in temporary housing in Hempstead.

9. On March 28, 2023, an incident involving a threat made at the high school became the subject of discussion amongst schoolchildren in the district after the administration sent out an email to high school parents regarding the incident.

10. At approximately the same time, Anton was in the bathroom at W.T. Clarke Middle School when another student showed him a video of a stabbing that took place at another nearby school.

11. On April 19, 2023, Anton Pshenichnykh was in the hallways at W.T. Clarke Middle School and spoke to J.M., a student whom he perceived as friendly, about the rumor remarking, "there's going to be a school shooting". Later, J.M., who was on his way to detention, told Dean Gustavo Loor that Anton Pshenichnykh made a threat using the words "school shooting", in the hallway of the school. Loor called Anton Pshenichnykh down to his office and questioned him. Anton Pshenichnykh denied making a threat.

12. Loor searched Anton Pshenichnykh's backpack, asked him to lift his t-shirt, and patted him down. No weapons were found.

13. When Loor could not get any more information out of Anton Pshenichnykh, Lynch interviewed as well, trying to get him to admit he had said the words J.M. reported Anton had said. Anton denied making the statement, except for admitting he said the

words "school shooting". Finally, Principal Stacy Breslin briefly spoke to Anton about what happened. She also spoke to the dean, but did not speak to J.M.

14. Lynch reported the allegations to Kenneth Card, the superintendent of schools. Lynch called the Nassau County Police Department. Lynch did so because, as she stated at the superintendent's hearing, "when something like this happens, we call the police."

15. After they arrived at the school, police and police EMT personnel interviewed Anton Pshenichnykh in an office with an administrator present, apparently at the directive of the Department of Homeland Security, asking him if weapons were kept at home.

16. Defendant charged Anton Pshenichnykh with "possessing a weapon, displaying what appears to be a weapon, threatening to use any weapon". The assistant principal, Linda Lynch, handed both notice and decision letters for the proposed suspension to Dmitry Pshenichnykh at the same time that day. Lynch did so when Dmitry Pshenichnykh came to the school to get Anton Pshenichnykh and was blocked by police at the schoolhouse door. The police proceeded to question Dmitry Pshenichnykh for approximately 20 minutes regarding whether he kept any weapons at home. As they did so, Anton Pshenichnykh was forcibly placed in an ambulance and taken to Nassau University Medical Center.

17. Police EMT personnel continued to interview Anton Pshenichnykh alone in the ambulance and asked him about his medical history and any medications he was taking. Anton Pshenichnykh was released several hours later with a clean bill of health. This was the first time Dmitry Pshenichnykh got to see and speak with his son after he arrived at school to pick him up that day.

18. While at the hospital, Dmitry Pshenichnykh was forced to consent to a search of the home by police which took place during the several hours while he was at the hospital

waiting for Anton to be released. Loor later admitted at the superintendent's hearing that Defendant knew this was typical police protocol.

19. Defendant knew the charges against Anton Pshenichnykh had no basis in fact as the principal's investigation was limited to briefly speaking to Anton Pshenichnykh alone and speaking to the dean, who had interviewed the sole complaining student eyewitness.

20. Defendant knew that Anton Pshenichnykh's health data would be and was given to the police, ambulance personnel and the Department of Homeland Security without Dmitry Pshenichnykh present and without his parents' permission. During the superintendent's hearing held on May 15, Loor admitted that the results of the search of the family's home were "reported back" to the school by police. Loor also admitted Defendant knew this would happen when Anton Pshenichnykh was arrested.

21. Defendant denied the family an informal conference with the principal before and after imposition of Anton Pshenichnykh's short-term suspension. Defendant failed to inform the family of their appeal rights in regards to the short-term suspension, which was left off of both the notice and decision letters.

22. Defendant issued the April 20, 2023 superintendent's hearing notice letter by suddenly dropping, without explanation, the charges from the short-term suspension notice and the decision letters relating to possession and/or displaying a weapon. Instead, a replacement charge was listed, claiming Anton had said, "There will be a school shooting tomorrow. I got that strap on me".

23. The original hearing date was scheduled for April 25, 2023. After over a week of attempting to find a pro bono attorney to take his family's case, during which time Dmitry Pshenichnykh was forced to stay home with Anton for the better part of the day, Dmitry found Suzanne Myron. The hearing was rescheduled to May 9, 2023.

24. Defendant failed to hold an informal conference during the three-week period before the first phase of the superintendent's hearing took place, on May 9, 2023.

25. Defendant intentionally continued the rescheduled superintendent's hearing date and time of May 9, 2023 at 1:30 p.m. to a second day, May 15, 2023. Defendant justified this by saying that Ms. Myron didn't request that Loor appear as their witness for Part 1 of the hearing and Loor had gone home by the time it was the family's turn to present their case.

26. Defendant ensured that Loor was unavailable on May 9 at 4 p.m., but Ms. Myron requested to speak to Loor several times earlier that day. It was not apparent until the District had concluded its case that Loor was the *only* administrator who spoke to the *only* eyewitness, J.M.

27. Defendant created the need to continue the hearing to a second day by delaying the start of the hearing an hour, until 2:30 p.m., without explanation, while the family sat waiting nervously in the conference room.

28. Because of Defendant's actions in delaying and rescheduling the hearing, Dmitry Pshenichnykh lost even more time from work.

29. During Part 2 of the hearing, held on May 15, 2023, J.M., the sole first-person witness to Anton Pshenichnykh's alleged comment, once again failed to appear. Thus, J.M. was never confronted about his claims nor was he ever cross examined by the family. Loor testified that J.M. was "honest" and was a "good student" even though J.M. was on his way to detention on April 19. Loor stated that Anton Pshenichnykh was only honest "at times".

30. Anton Pshenichnykh testified that he had said the words, "there's going to be a school shooting" out of concern for the welfare of his friends and himself.

31. Defendant found Anton Pshenichnykh guilty under the NYS Education Law Section 3214 (3)(a) "catch-all" provision related to garden variety threats to "safety, … health and welfare of others" because, according to the Defendant, Anton Pshenichnykh himself admitted he said the words "to the effect of 'school shooting'". No explanation was given in either the hearing record or the decision letter as to why a statement "to the effect of 'school shooting'" would constitute any sort of threat to anyone.

32. At the penalty phase of the hearing, Anton Pshenichnykh's anecdotal record was presented showing that his grades were below average.

33. In spite of the fact Anton Pshenichnykh had already been out of school more than a month, Defendant suspended Anton for the rest of the school year.

34. The family filed a DASA report on June 6, 2023 in regards to the Defendant's actions as well as the actions of J.M. This was not acknowledged. The family filed an appeal to the board on June 29, 2023 in regards to the two suspensions which resulted in a denial of their appeal, without explanation, issued on August 7, 2023. Dmitry Pshenichnykh made a request for an intradistrict transfer on August 8, 2023 based upon the DASA report. This was likewise ignored.

35. Defendant's decisions and failure to respond were subsequently appealed to the New York State Commissioner of Education, with a request for a stay, including expungement of the record in regards to both suspensions, a finding that the bullying done by school district personnel and J.M. be deemed founded. The stay request was denied on August 29, 2023.

36. Dmitry lost many hours of work in the time that these events took place. He was forced to stay home with Anton during school hours and became behind on paying bills, incurring late fees on multiple accounts.

37. These actions constitute intentional conduct on the part of the school to violate Anton Pshenichnykh's First Amendment rights and a disregard of the family's right to be free from unreasonable search and seizure under the Fourth Amendment as well as for their procedural due process rights under the 14th Amendment. All of the actions by police were known outcomes on the part of the school administration, who acted with malice and with reckless disregard for the truth in allowing the police to do their investigation for them. The final policymaker, the board, upheld the decisions of the administration as to the suspensions.

## FIRST CAUSE OF ACTION

## VIOLATION OF FIRST AMENDMENT AND SECTION 1983

38. Plaintiffs re-allege each and every allegation in paragraphs 1-37 of the complaint as fully set forth herein;

39. Defendant has infringed on Plaintiff Anton' Pshenichnykh's right of free speech. Defendant's actions in calling the police instead of doing their own investigation, and having Anton Pshenichnykh transported to the hospital, showed a deliberate indifference to his First Amendment rights. Forcing Anton to be searched and seized in front of peers rather than honoring his presumptive right to speak at school and causing Dmitry Pshenichnykh to be questioned by a group of police at the door of the schoolhouse created a substantial disturbance. Defendant denied Anton Pshenichnykh the right to freely associate and discuss events with other students without just cause and with malice. Defendant continued to deny Anton Pshenichnykh his free speech rights when they twice ignored his DASA complaint and request for intradistrict transfer;

40. As a result of these practices, Dmitry Pshenichnykh lost work and suffered a deprivation of income, which impacted his ability to pay bills and resulted in late fees on multiple of his accounts. Anton Pshenichnykh has been denied educational opportunities, including the right to a variety of elective courses, the right to usage of the school library facilities, the right to participate in extracurricular activities, of peer group interaction, physical education, transportation to and from instruction, and miscellaneous educational tools and aids.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE FOURTH AMENDMENT AND SECTION 1983

41. Plaintiffs re-allege each and every allegation in paragraphs 1-40 of the complaint as fully set forth herein;

42. Defendant failed to do a proper investigation. Defendant failed to hold an informal conference as part of the investigation. Defendant willfully and maliciously relied on the testimony of a student making the allegation who never spoke to the principal nor appeared at the two hearings;

43. Defendant denied the family their Fourth Amendment right to privacy in their home when Defendant called the police even after finding there was no weapon on Anton Pshenichnykh. Defendant knew that Dmitry Pshenichnykh would be forced to consent to a search of his home while he was away, such actions by police being anticipated by Defendant which Loor admitted at the hearing, without justification and with malice;

44. As a result of these practices and Defendant's deliberate indifference to the family's rights, Dmitry Pshenichnykh lost work and suffered a deprivation of income, which impacted his ability to pay bills and resulted in late fees on multiple accounts. Anton Pshenichnykh has been denied educational opportunities, including the right to a

variety of elective courses, the right to usage of the school library facilities, the right to participate in extracurricular activities, of peer group interaction, physical education, transportation to and from instruction, and miscellaneous educational tools and aids.

### THIRD CAUSE OF ACTION

### VIOLATION OF THE 14TH AMENDMENT PROCEDURAL DUE PROCESS CLAUSE

45. Plaintiffs re-allege each and every allegation in paragraphs 1-45 of the complaint as fully set forth herein.

46. As a result of these practices and Defendant's deliberate indifference to the family's rights, Plaintiff Dmitry Pshenichnykh lost work and suffered a deprivation of income, which impacted his ability to pay bills and resulted in late fees on multiple accounts. Anton Pshenichnykh has been denied educational opportunities, including the right to a variety of elective courses, the right to usage of the school library facilities, the right to participate in extracurricular activities, of peer group interaction, physical education, transportation to and from instruction, and miscellaneous educational tools and aids.

### REQUESTS FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that the court order:

As per FRCP 65, a preliminary injunction ordering that the suspensions be immediately expunged based upon a violation of Anton's First, Fourth, and/or Fourteenth Amendment rights;

An award of compensatory damages to compensate Plaintiff Dmitry Pshenichnykh for violations of his civil rights, including missed work opportunities, and late fees on bills;

Reasonable costs and attorney fees in the prosecution of this action, pursuant to 42 U.S.C. § 1988;

Pre- and Post-judgment interest;

Together with such other and further relief as to which this Court deems just and proper.

Dated: Syosset, NY
August 30, 2024

*/s/Suzanne Myron*
Suzanne Myron, Esq.
*Attorney for Petitioners,*
*Anton and Dmitry Pshenichnykh*
The Law Office of Suzanne Myron
6800 Jericho Turnpike, Suite 120W
Syosset, NY 11791
phone: (516) 393-5821
fax: (516) 496-9052
email: smyron@specialeducationlawyerny.com

# **CERTIFICATION**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Dated: Syosset, NY
      August 30, 2024

*/s/Suzanne Myron*
Suzanne Myron, Esq.
The Law Office of Suzanne Myron
6800 Jericho Turnpike, Suite 120W
Syosset, NY 11791
phone: (516) 393-5821
fax: (516) 496-9052
email: smyron@specialeducationlawyerny.com